**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**KENYA SHANNON**, *Individually,*
*and on behalf of herself and others similarly*
*situated*,

      Plaintiff,

      v.                                      NO. _____

**ELECTROLUX HOME PRODUCTS, INC.**        FLSA Opt-In Collective Action
                                                                   JURY DEMANDED

      Defendant.

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Kenya Shannon ("Plaintiff"), individually, and on behalf of herself and all others similarly situated, brings this Fair Labor Standards Act ("FLSA") collective action against Electrolux Home Products, Inc. ("Defendant") and alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and those similarly situated as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods during all times material at one and one-half their regular hourly rate of pay, as required by the FLSA.

### II.    PARTIES

3. Defendant Electrolux Home Products, Inc., is a Delaware Corporation with is its principal offices located at 10200 David Taylor Drive, Charlotte, North Carolina 28262-2373.

1

Defendant's registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4. Plaintiff, Kenya Shannon, was employed by Defendant as an hourly-paid employee at all times material to this collective action. Ms. Shannon's Consent to Join form is attached as *Exhibit A*.

### III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Plaintiff was employed by and performed work for Defendant in this District, and Defendant has conducted business in this District during all times relevant and material to this action.

### IV.   CLASS DESCRIPTION

7. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All hourly-paid employees who worked at least 1 full week work for Defendant during the three (3) years preceding the filing of this Complaint, up to and including the present. (Collectively, "the class").

### V.   COVERAGE

8. At all times mentioned hereinafter, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times mentioned hereinafter, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times mentioned hereinafter, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

      FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. Plaintiff and those similarly situated were engaged in commerce during all times relevant and material to this Complaint.

12. At all times mentioned hereinafter, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

13. At all times mentioned hereinafter, Plaintiff and those similarly situated have been "employees" of Defendant as that term is defined in the FLSA and individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.   FACTUAL ALLEGATIONS

14. Defendant is one of the largest appliance manufacturers in the world.

15. Plaintiff worked for Defendant as an hourly-paid employee at its Memphis, Tennessee manufacturing and warehouse facility during all times relevant and material to this collective action.

16. Plaintiff and similarly situated hourly-paid employees typically worked forty (40) hours or more per week within weekly pay periods during all times relevant and material herein.

17. At all times material to this Complaint, Defendant has had an unpaid meal break of thirty (30) minutes during which Plaintiff and those similarly situated were automatically

"clocked-out" for payroll purposes.

18. However, there were times and instances within weekly pay periods in which Plaintiff and those similarly situated performed work, and/or were not fully relieved of their work duties, during such meal breaks.

19. Even though Defendant was aware of such times and instances when Plaintiff and those similarly situated performed work. and/or were not fully relieved of their job duties, during such meal breaks, it failed to compensate them for such meal break.

20. Consequently, Defendant failed to pay Plaintiff and those similarly situated for unpaid meal breaks during which times they performed work, and/or were not fully relieved of their job duties throughout the last three (3) years.

21. Considering such unpaid meal periods extend their compensable work time to exceed forty (40) hours per week, such unpaid meal periods would be compensable as overtime hours.

22. The unpaid meal break claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

23. Defendant's common plan, de facto policy, and actual practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

24. Defendant's actions were willful and with reckless disregard to the FLSA overtime compensation requirements and devoid of a good faith basis.

25. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of herself and collective members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

27. Plaintiff and collective members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

28. This action is properly maintained as a collective action because Plaintiff and collective members are similarly situated with respect to Defendant's timekeeping policies and compensation plans, policies and practices.

29. Plaintiff and collective members also are similarly situated because their unpaid meal break claims are unified by a common theory of Defendant's FLSA violations.

30. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements and without a good faith basis, which conduct caused significant damages to Plaintiff and the collective class.

31. Plaintiff requests this Court to authorize notice to collective members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

32. Plaintiff estimates there are hundreds of putative members of the collective class. The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and

documents.

33. Plaintiff and class members' unpaid overtime compensation claims may be determined in part by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## **COUNT I**
**(Violation of the Fair Labor Standards Act)**

34. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

35. This count arises From Defendant's violation of the FLSA in connection with its failure to pay Plaintiff and class members for all overtime work performed for it, as previously set forth.

36. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

38. Through its actions, plans, de facto policies, and actual practices Defendant violated the FLSA by failing to compensate Plaintiff and collective members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

39. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

40. Defendant's actions were not in good faith.

41. The unpaid overtime claims of Plaintiff and collective members are unified by a common theory of Defendant's FLSA violations.

42. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

43. Therefore, Defendant is liable to Plaintiff and collective members for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and collective members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may

    be entitled; and

k) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 14, 2022.    Respectfully Submitted,

*s/Robert E. Turner, IV*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY*
*SITUATED*